UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGIO ZAMORA-VEGA,

        Petitioner,

    v.

WARDEN OF THE DETENTION
FACILITY, et al.,

        Respondents.

No.  1:26-cv-00143 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**FACTUAL AND PROCEDURAL HISTORY**

**I.**      **Section 2241 Petition**

Petitioner filed a § 2241 petition on January 9, 2026, stating that he is a Mexican national and currently detained at the Golden State Annex Immigration Detention Facility within this judicial district.  ECF No. 1 at 2.  Petitioner has been in immigration detention since November 2025.  Id.  He applied for a U Visa because he was the victim of an attempted murder.  Id.  Petitioner also states that he is disabled after losing his right eye in an accident in 2006.  Id.  The petition otherwise provides no factual details regarding petitioner's immigration proceedings.

1

Although petitioner used a form for noncitizens detained under 8 U.S.C. § 1231 seeking release pursuant to the Due Process Clause of the Fifth Amendment and Zadvydas v. Davis, 533 U.S. 678 (2001), his Executive Office for Immigration Review case information page reflects that he is in removal proceedings with a hearing before an immigration judge ("IJ") set for May 19, 2026.[1]

**II.     Respondents' Amended Answer/Return**

Respondents initially filed an answer/return arguing that petitioner has a final order of removal and is subject to mandatory detention on account of his 2021 felony conviction for kidnapping in violation of Cal. Penal Code § 207(a).  ECF No. 7 at 2-3 (citing, *inter alia*, Delgado-Hernandez v. Holder, 697 F.3d 1125, 1133 (9th Cir. 2012) and Demore v. Kim, 538 U.S. 510, 517-18 (2003)).  Respondents attached petitioner's criminal "rap sheet" as evidence but did not submit documents relevant o his immigration proceedings.

Respondents subsequently filed an amended answer/return clarifying that petitioner does not have a final order of removal and that his removal proceedings are ongoing.  ECF No. 10 at 1, n.1.  Respondents further clarified that petitioner is not subject to mandatory detention on account of his felony kidnapping conviction: "This contention is not correct because the Supreme Court subsequently undermined the Ninth Circuit's holding in Delgado-Hernandez that kidnapping is a crime of violence."  Id. at 2 (citing Sessions v. Dimaya, 584 U.S. 148 (2018) (holding residual clause of 18 U.S.C. § 16(b) to be unconstitutionally void for vagueness)).

After making these clarifications, respondents assert in the amended pleading that petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  ECF No. 10 at 3.  Respondents contend that as an applicant for admission, petitioner has no procedural and substantive due process protections afforded to individuals lawfully in the United States.  Id. (citing Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 139 (2020), and Valencia v. Mukasey, 548 F.3d 1261, 1263 (9th Cir. 2008)).  Moreover, respondents assert that, "unlike for many [noncitizens] detained under § 1225(b) while their removal proceedings

---

[1]  The court sua sponte takes judicial notice of this information.  See Fed. R. Evid. 201(b)-(c) (a court "may take judicial notice on its own" of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

take place, there are no humanitarian reasons to release Zamora-Vega because of the seriousness of his criminal history." Id. at 3 (citing ECF No. 10-1).

### III.    Court Order for Additional Information

In light of the new arguments raised in respondents' first amended answer/return, the undersigned required more information than petitioner's criminal "rap sheet" to resolve this petition.  The undersigned directed respondents to submit petitioner's most recent Form I-213 (Record of Deportable/ Inadmissible Alien) and other documents relevant to the determination of the issues presented in the application.  ECF No. 12.

Respondents provided petitioner's Form I-213 dated November 8, 2025, that reflects he entered the United States without inspection at an unknown date and time.  ECF No. 13-1 at 2. Immigrations and Customs Enforcement ("ICE") detained petitioner on November 8, 2025, at a scheduled appointment at its Fresno Office and administratively charged petitioner as present without admission or parole under 8 U.S.C. § 1182(a)(6)(A)(i).  Id. at 2-3.  Under the header "criminal history," the form also reflects petitioner's 2021 conviction for kidnapping under Cal. Penal Code § 207(a), for which he was sentenced to sixty days in jail.  Id. at 4.  Respondents also submitted the "notice of hearing in removal proceedings" for the aforementioned hearing before an IJ on May 19, 2026.  ECF No. 13-2.

### DISCUSSION

### I.    Applicable Detention Statute

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

In their amended answer, respondents withdraw the argument that petitioner is detained under 8 U.S.C. § 1226(c) and insist instead that he is an "applicant for admission" subject to mandatory detention under § 1225(b)(2).  ECF No. 10 at 2-3.  But respondents' evidence, including Fresno County arrest entries dating back to April 2018, ECF No. 10-1 at 5, indicate that

3

petitioner has resided in the United States for many years.  It is also undisputed that ICE arrested petitioner inside the United States at a scheduled meeting on November 8, 2025.  "Numerous district courts have held that § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE."  Gutierrez v. Chesnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025) (collecting cases).  The undersigned here similarly concludes that petitioner is currently subject to discretionary detention under 8 U.S.C. § 1226(a).

The undersigned recognizes that a divided panel of the Fifth Circuit Court of Appeals recently held that individuals like petitioner who have never been formally admitted into the United States and are arrested in the interior of the country are properly subject to detention under § 1225(b)(2).  See Buenrostro-Mendez v. Bondi, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  However, the undersigned does not find the majority's statutory analysis persuasive, instead finding persuasive the statutory analysis of the dissenting judge in Buenrostro-Mendez. The dissent's analysis largely tracks the analysis in the majority of cases decided in this court, see, e.g., Gutierrez, 2025 WL 3514495, at *4, and the analysis adopted by a divided motions panel of the Seventh Circuit Court of Appeals, see Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding that DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"). Accordingly, the undersigned will not adopt the Fifth Circuit's reading of the statutory scheme in Buenrostro-Mendez and finds petitioner is detained pursuant to 8 U.S.C. § 1226(a).

## II.    Due Process Analysis

Although the § 2241 petition incorrectly identifies 8 U.S.C. § 1231 as the statutory basis for petitioner's detention and frames its due process claim as relief from prolonged detention per Zadvydas, the undersigned instead liberally construes it as challenging petitioner's detention pending removal proceedings pursuant to the Due Process Clause.  See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (Courts must "construe pro se habeas filing liberally.").

Having determined that petitioner is subject to discretionary detention under § 1226(a),

4

the undersigned concludes that he is entitled to a bond hearing under that framework:

> Section 1226(a) provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.... [T]he Attorney General (1) may continue to detain the arrested alien; and (2) may release the alien on [bond or conditional parole]." 8 U.S.C. § 1226(a).  The § 1226(a) framework is discretionary and requires that '[a]n immigration officer make[ ] the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge.'" [Lepe v. Andrews, 801 F. Supp. 3d 1104, 1111 (E.D. Cal. 2025).]

Perez v. Albarran, No. 1:25-cv-1540 DAD CSK (HC), 2025 WL 3187578, at *2 (E.D. Cal. Nov. 14, 2025).  Further, having found that petitioner's detention is governed by § 1226(a), the undersigned also rejects respondents' position that petitioner's due process rights go no further than the mandatory detention procedures set out in § 1225(b).[2]

District Judge Drozd has concluded under substantially similar legal and factual circumstances that due process requires a prompt bond hearing before an IJ.  See, e.g., Rangel v. Noem, No. 1:26-cv-0084 DAD CSK, 2026 WL 73996, at *2 (E.D. Cal. Jan. 9, 2026) (ordering bond hearing where noncitizen entered without inspection in 2006, was arrested by immigration authorities in October of 2025, and placed into removal proceedings); see also Singh v. Bondi, No. 1:26-cv-0789 DAD CKD, 2026 WL 320449, at *1 (E.D. Cal. Feb. 6, 2026) (similarly ordering bond where noncitizen entered without inspection in August 2023 and did not encounter immigration officials until arrest in December 2025).  In these cases, Judge Drozd granted relief

---

[2] Respondents rely on Thuraissigiam, 591 U.S. 103, which is materially distinguishable from this case.  Its "discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question." Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023).  Thuraissigiam "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural protections." Padilla, 704 F. Supp. 3d at 1172.

Respondents also rely on Valencia v. Mukasey, 548 F.3d 1261, 1263 (9th Cir. 2008), for the proposition that "applicants for admission have virtually no constitutional rights regarding their applications." ECF No. 10 at 3 (quotation omitted).  Valencia is materially distinguishable for similar reasons as Thuraissigiam.  There, the Ninth Circuit went no further than rejecting the argument that due process requires an IJ to give noncitizens "blanket notice of a right to apply for removal[] withholding, or protection under the Convention Against Torture." Valencia, 548 F.3d at 1263.  Respondents' quotation is also misleading, as the Ninth Circuit declined to base its ruling on the plaintiff's status as an applicant for admission and instead applied the holding to all noncitizens out of concern a blanket rule would "invite the filing of meritless applications." Id. at 1263-64.

in part based on the petitioner's membership in the certified "Bond Eligible Class" in <u>Maldonado Bautista</u>, which is defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

<u>Maldonado Bautista v. Santacruz</u>, No. 5:25-cv-1873 SSS BFM, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025).  The <u>Maldonado Bautista</u> court subsequently entered final judgment against the respondents and declared that all Bond Eligible Class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and accordingly "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge."  <u>Maldonado Bautista v. Noem</u>, No. 5:25-cv-1873 SSS BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

While recognizing that neither party raised <u>Maldonado Bautista</u> in their pleadings, the undersigned nevertheless finds petitioner's membership in its certified "Bond Eligible Class" obvious based on the undisputed facts and adopts Judge Drozd's well-reasoned due process analysis in <u>Rangel</u> and <u>Singh</u>.  As in those cases, the appropriate relief here is an individualized bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.      The petition for writ of habeas corpus (ECF No. 1) be granted.

2.      Respondents be ordered to provide petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of entry of this order.

3.      Respondent be further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of the bond hearing.

4.      If petitioner is granted release on bond, respondents shall return all of petitioner's

documents and possessions at the time of release.

5. The Clerk of the Court be directed to enter judgment for petitioner

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 24, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE